# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY E. HAMILTON, | NO. 3:17-CV-01853 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| CENTRE COUNTY TAX CLAIM BUREAU, *et al.*, | (MAGISTRATE JUDGE MEHALCHICK) |
| Defendants. | |

## MEMORANDUM ORDER

Presently before me is Magistrate Judge Mehalchick's Report and Recommendation ("R&R") (Doc. 22) regarding Defendants' Motion to Dismiss (Doc. 6). Plaintiff Harry E. Hamilton, proceeding *pro se*, sued Defendants for declaratory and injunctive relief, seeking to set aside the 2017 tax sale of his home. (Doc. 22 at 1-2; Doc. 1 at ¶ 18). Magistrate Judge Mehalchick recommends that all of Hamilton's claims except his equal protection claims based on gender and race be dismissed without prejudice. (Doc. 22 at 9). Defendants timely objected to the R&R, arguing the case is now moot, and attached to their objection a recent order from the Centre County Court of Common Pleas setting aside the tax sale and staying any future tax sale of Hamilton's home. (Doc. 24 at 2, 6).

If objections to a magistrate judge's R&R are filed, I must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)). I may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits me to rely on the recommendations of the magistrate judge to the extent I deem it proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas*

*v. Arn*, 474 U.S. 140, 154 (1985). At the least, courts should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

I also have the obligation to ensure this Court has subject matter jurisdiction. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77-78 (3d Cir. 2003). "If developments occurring during the course of adjudication eliminate a plaintiff's personal stake in the outcome of a suit, then a federal court must dismiss the case as moot." *Rosetti v. Shalala*, 12 F.3d 1216, 1223-24 (3d Cir. 1993). Here, a state court has already fully granted the relief Hamilton seeks: setting aside the tax sale of his home. That moots this case. *Ernst v. Child & Youth Servs. of Chester Cty.*, 108 F.3d 486, 491 (3d Cir. 1997); *Fairview Park Excavating Co. v. Al Monzo Const. Co.*, 560 F.2d 1122, 1126-27 (3d Cir. 1977). Dismissal, however, will be "without prejudice to any other federally cognizable complaint" Hamilton may have. *Woody v. Judge*, 435 F.2d 706 (3d Cir. 1970) (*per curiam*); *see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (district courts should grant leave to amend in civil rights cases, especially those involving *pro se* plaintiffs).

Accordingly, **NOW**, this 2nd day of October, 2018, upon review of the Report and Recommendation of Magistrate Judge Mehalchick (Doc. 22), **IT IS HEREBY ORDERED** that:

(1) The Report and Recommendation (Doc. 22) is **ADOPTED** as modified herein.
(2) Defendants' Motion to Dismiss (Doc. 6) is **GRANTED**.
(3) Hamilton's Complaint (Doc. 1) is **DISMISSED without prejudice**.
(4) The matter is **RECOMMITTED** to Magistrate Judge Mehalchick for further proceedings.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge