THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRY E. HAMILTON,

    Plaintiff,

v.

CENTRE COUNTY TAX CLAIM
BUREAU, et al.,

    Defendants.

NO: 3:17-CV-1853
(JUDGE MARIANI)

## MEMORANDUM

Presently before the Court are the report and recommendation of Magistrate Judge Karoline Mehalchick (Doc. 55) and various motions filed by *pro se* Plaintiff Harry E. Hamilton, including a motion for reconsideration (Doc. 62), numerous motions for injunctive relief (Docs. 50, 51, 53, 54, 64, 67), and a motion for special relief (Doc. 65). For the reasons that follow, Plaintiff's motion for reconsideration (Doc. 62) will be denied, Magistrate Judge Mehalchick's report and recommendation (Doc. 55) will be adopted as modified herein, and Defendants' motion to dismiss Plaintiff's second amended complaint (Doc. 46) will be granted. Plaintiff's remaining motions (Docs. 50, 51, 53, 54, 64, 65, 67) will be dismissed as moot.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed suit against Defendants, the Centre County Tax Claim Bureau; Miller, Kistler and Campbell, a law firm which acted as a solicitor for the Centre County Tax Claim Bureau; and David Gaines Jr., a partner of Miller, Kistler and Campbell, for declaratory and

injunctive relief, seeking to set aside the 2017 tax sale of his home. (Doc. 1 at ¶ 18). Plaintiff alleges that the tax sale of his home was motivated by discriminatory behavior, violating his right to due process and equal protection under the law. (Doc. 1). On October 2, 2018, Judge Caputo[1] dismissed Plaintiff's complaint without prejudice, finding that a state court had already fully granted the relief Plaintiff sought, *i.e.*, setting aside the tax sale of Plaintiff's home, which mooted his case. (Doc. 29, at 2). Judge Caputo further allowed Plaintiff to amend his complaint with any other federally cognizable claims that he may have and recommitted the matter to Magistrate Judge Mehalchick. (*Id.*).

On November 9, 2018, Plaintiff filed his second amended complaint. (Doc. 35). Plaintiff's second amended complaint is substantially the same as his original complaint (Doc. 1). The second amended complaint differs slightly as it includes: (1) two additional defendants, Becky Sue Thompson and Judge Brian K. Marshall, another partner of Miller, Kistler and Campbell, (2) a jury trial demand, and (3) a request for monetary relief to compensate Plaintiff for Defendants' due process and equal protection violations. (Doc. 35, at 10, 17). Plaintiff subsequently filed a motion for a temporary injunction (Doc. 50), motion for a permanent injunction (Doc. 51), an amended motion for a permanent injunction (Doc. 53), and a second amended motion for a permanent injunction (Doc. 54). Defendants filed a

---

[1] This matter was recently reassigned to the undersigned following the passing of the Honorable A. Richard Caputo.

motion to dismiss Plaintiff's second amended complaint (Docs. 46) and a brief in support of their motion (Doc. 47), which Plaintiff responded to by filling a brief in opposition (Doc. 48).

On October 30, 2019, the above referenced state court judgment setting aside the 2017 tax sale of Plaintiff's home was affirmed. *See Centre County Tax Claim Bureau v. Harry Hamilton Living Trust*, 2019 WL 5606709 (Pa. Commw. Ct. 2019).

On January 8, 2020, Magistrate Judge Mehalchick issued a report and recommendation. (Doc. 55). She recommended that (1) Defendants' motion to dismiss be granted (Doc. 46), (2) Plaintiff's second amended complaint be dismissed with prejudice (Doc. 35), (3) Plaintiff's remaining motions, motion to stay (Doc. 50) and motions for injunctive relief (Docs. 50, 51, 53, 54), be dismissed as moot, (4) the court decline to exercise supplemental jurisdiction over any remaining state law claims, (5) Plaintiff be denied any further leave to amend his complaint, and (6) the Clerk of Court close this case. (Doc. 55). Plaintiff filed a set of "initial objections" and a request for an extension of time to file additional objections. (Doc. 56). Judge Caputo granted this request for an extension of time and directed Plaintiff to file all of his objections in one filing. (Doc. 57). Plaintiff proceeded to file another motion for an extension of time and a set of amended objections. (Doc. 58).

On March 10, 2020, Judge Caputo denied this second request for an extension of time to file additional objections and accepted Plaintiff's set of amended objections as filed. (Doc. 59). Plaintiff filed a motion for reconsideration of this order denying his request for

time to file additional objections. (Doc. 62). Plaintiff also filed a second set of amended objections (Doc. 60), a third set of amended objections (Doc. 61), a motion for temporary injunction (Doc. 64), a motion for special relief (Doc. 65), an affidavit which reiterated his request for a temporary injunction (Doc. 66), an amended motion for a preliminary injunction (Doc. 67), and an affidavit in support of his amended motion for a preliminary injunction (Doc. 68).

## II. LEGAL STANDARDS

### A. Review of a Report and Recommendation

When objections to the magistrate judge's report and recommendation are filed, the court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). This only applies, however, to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a *de novo* determination." *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). The court should still review uncontested portions for clear error or manifest injustice. *See Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### B. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in

whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). If there are well-pleaded factual allegations, then a court must assume their truthfulness in deciding whether they raise an entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 679 (2007). Dismissal is only appropriate when, accepting as true all the facts alleged in the complaint, the plaintiff has not pled enough factual allegations to provide a reasonable expectation that discovery will lead to evidence of each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

## III. DISCUSSION

### A. Motion for Reconsideration

The Court will begin by considering Plaintiff's motion for reconsideration (Doc. 62) of the order dated March 10, 2020 denying Plaintiff's second request for an extension of time to file additional objections to Magistrate Judge Mehalchick's report and recommendation (Doc. 59). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To succeed on a motion for reconsideration the movant must establish: (1)

an intervening change in controlling law, (2) the availability of new evidence that was not available when the court decided the motion, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A party may not invoke a motion for reconsideration in order to relitigate a disagreement with the court's previous decision. *Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011). Successful motions for reconsideration "show that there were facts or legal issues properly presented but overlooked by the court in its decision" and do no reiterate arguments and evidence already considered by the court. *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398–99 (E.D. Pa. 2002). Motions for reconsideration should be granted sparingly due to the courts' interest in finality of judgments. *Conway v. A.I. duPont Hosp. for Children*, No. CIV. A. 04-4862, 2009 WL 1492178, at *2 (E.D. Pa. May 26, 2009).

    Plaintiff's motion for reconsideration will be denied. In his motion for reconsideration, Plaintiff argues that additional time to file objections is warranted due to his deteriorating mental functioning. (Doc. 62, at 7). Such additional time is unnecessary to prevent a manifest injustice, as Plaintiff has already been afforded ample time to submit all of his objections. Plaintiff submitted a set of nine "initial" objections and requested additional time to submit more objections due to his difficulties with "focus, concentration, [and] memory." (Doc. 56, at 1-2). Judge Caputo granted this request and allowed Plaintiff an extra thirty days to submit all of his objections in one filing. (Doc. 57). Plaintiff subsequently filed a set

of amended objections, which included his set of nine initial objections and added nine additional objections, and requested additional time to "submit matters before the court." (Doc. 58, at 5). Since the Court has taken into consideration Plaintiff's hardships and provided ample opportunity for him to file his objections, the Court will deny Plaintiff's motion for reconsideration.[2] See *Tobin v. General Elec. Co.*, 1998 WL 31875, at *3 ("A motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have [been] fully examined by the court.").

### B. Review of Magistrate Judge Mehalchick's Report and Recommendation

The Court will consider Plaintiff's amended objections (Doc. 58) for the purposes of conducting a *de novo* review of Magistrate Judge Mehalchick's report and recommendation (Doc. 55).[3] Plaintiff's objections largely reiterate his (1) request for equitable relief to prevent the tax sale of his home and (2) injuries caused by Defendants' due process and equal protection violations. (Doc. 58).

As recommended by Magistrate Judge Mehalchick, Plaintiff's claims for declaratory and injunctive relief, to prevent the tax sale of his home, will be dismissed as moot given that a state court judgment, *Centre County Tax Claim Bureau v. Harry Hamilton Living*

---

[2] The Court will deny Plaintiff's motion for reconsideration (Doc. 62), but the Court has reviewed Plaintiff's second set of amended objections (Doc. 60) and third set of amended objections (Doc. 61) and finds that both sets of objections are without merit for the same reasons explained in this opinion.

[3] Although the Plaintiff's amended objections largely reiterate the same points present in his second amended complaint, amounting to a general objection to Magistrate Judge Mehalchick's report and recommendation, the Court will still conduct a *de novo* review to ensure a just and fair adjudication for *pro se* Plaintiff.

7

*Trust*, 2019 WL 5606709 (Pa. Commw. Ct. 2019), has already set aside the tax sale of Plaintiff's home. (Doc. 55, at 4). *See Rosetti v. Shalala*, 12 F.3d 1216, 1223-24 (3d Cir. 1993) ("If developments occurring during the course of adjudication eliminate a plaintiff's personal stake in the outcome of a suit, then a federal court must dismiss the case as moot.").

Plaintiff also demands a jury trial and damages for Defendants' other constitutional violations. To the extent that Plaintiff seeks damages and a jury trial for the due process and equal protection claims that he alleged in his original complaint (Doc. 1, at ¶¶ 1-24) and incorporates by reference in his second amended complaint (Doc. 35, at ¶ 24), those claims will again be dismissed, as the Court previously determined that Plaintiff had failed to state a claim for any constitutional violations. (Docs. 22, at 3-5; 29, at 2). With respect to the allegations that Plaintiff added in his second amended complaint (Doc. 35, at ¶¶ 24-50) for which he seeks a jury trial and damages (Doc. 35, at 10, 17), Magistrate Judge Mehalchick recommends dismissing these claims because they raise the same points as the procedural due process and equal protection claims in Plaintiff's original complaint, which were already dismissed. (Doc. 55, at 5). The Court agrees with Magistrate Judge Mehalchick's recommendation and will address each class of claims in turn.

Plaintiff alleges that his right to procedural due process was violated when the Tax Claim Bureau failed to adequately notify him about the tax upset sale of his home so that he could contest it. (Doc. 35, at 5-6, 9). "The level of process due to a party prior to the

deprivation of a property interest, under the Due Process Clause, is highly dependent on the context." *In re Mansaray–Ruffin*, 530 F.3d 230, 238 (3d Cir.2008). Prior to the deprivation of property, a state must provide notice that is reasonably calculated to alert interested parties of the pendency of the action and allow them an opportunity to present their objections. *Reisinger v. Luzerne Cty.*, 712 F. Supp. 2d 332, 353-354 (M.D. Pa. 2010), *aff'd sub nom. Reisinger v. Cty. of Luzerne*, 439 F. App'x 190 (3d Cir. 2011) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). Under Pennsylvania law, a tax upset sale may be conducted when a property owner fails to pay taxes. *Swinka Realty Investments, LLC v. Lackawanna Cty. Tax Claim Bureau*, No. 3:13-CV-00764, 2016 WL 3618399, at *2 (M.D. Pa. July 1, 2016), *aff'd*, 688 F. App'x 146 (3d Cir. 2017). "Pennsylvania Real Estate Tax Sale Law, 72 P.S. §§ 5860.101 *et seq.*, provides that after a claim has been made for unpaid taxes, and the property owner has failed to contest the claim, the [Tax Claim] Bureau may sell the property at a tax sale, after giving the notice required by the act." *Id.* (internal quotations omitted).

Here, Plaintiff was not deprived of his property without due process of law. By Plaintiff's own allegations, he received notice of the tax upset sale of his property. (Doc. 35, at 5-6, 9). Since Plaintiff does not allege that he followed the pre-deprivation procedures to no avail, that he was prevented from following those procedures to contest the sale before it occurred, or that those procedures were a "sham," Plaintiff's procedural due process claims will be dismissed. *See Alvin v. Suzuki*, 227 F.3d 107, 118-19 (3d Cir. 2000) (finding that the

pre-deprivation procedures available to the plaintiff were not a "sham" because there was "insufficient evidence that the formal hearing would not be held in a fair and impartial manner").

With respect to Plaintiff's equal protection claims, Plaintiff avers that Defendants attempted to deprive him of his property because he "is a Black African/Aboriginal male who has been outspoken about issues concerning race." (Doc. 35, at ¶ 28). Magistrate Judge Mehalchick construed these as "class of one" equal protection claims. (Docs. 22, at 5-9; 55, at 5). To successfully plead such a claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). Although the plaintiff does not need to specify in the complaint particular circumstances where similarly situated individuals were treated differently than him, the plaintiff is still required to allege the existence of similarly situated individuals. *Mann v. Brenner*, 375 F. App'x 232, 238-39 (3d Cir. 2010).

Here, Plaintiff has not alleged the existence of a similarly situated class of individuals, *e.g.*, those who received adequate notice of the tax upset sale of their homes or those who failed to pay taxes but did not have their homes subject to a tax upset sale. Without a more specific allegation of the class of persons in a similar situation to Plaintiff that were treated in a more favorable manner, Plaintiff has failed to demonstrate the first

element of a "class of one" equal protection claim. Thus, Plaintiff's "class of one" equal protection claims will be dismissed.[4]

Finally, to the extent that Plaintiff is also trying to assert claims against Centre County Tax Claim Bureau and its solicitors, Miller, Kistler and Campbell, David Gaines Jr., and Judge Brian K. Marshall, in their official capacities, these allegations also fail. To bring constitutional claims against a municipality, the plaintiff must demonstrate that the municipal body implemented an official municipal policy or custom that caused the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "[W]ithout an underlying constitutional violation, there can be no *Monell* claim." *Knellinger v. York St. Prop. Dev., LP*, 57 F. Supp. 3d 462, 471 (E.D. Pa. 2014). Since Plaintiff has not shown a constitutional violation, he cannot make out a *Monell* claim.

However, even if Plaintiff did establish a constitutional violation, he has not shown a municipal policy or custom responsible for injuring him. Plaintiff's only allegation that would seem to indicate the existence of a municipal policy or custom that injured him provides that Plaintiff "challenges anyone to show one case a Black man represented himself and was able to take a case to a jury or survive summary judgment." (Doc. 25, at 8 n.6). A policy is

---

[4] For similar reasons, even if Plaintiff's equal protection claims are instead construed as standard race, age, or gender discrimination claims, they still fail. To plead such claims, a plaintiff must allege that "he was treated differently from similarly situated persons outside of his protected class," among other things. *Heim v. Dauphin Cty. Prison*, No. 3:CV-10-1656, 2011 WL 3875998, at *6 (M.D. Pa. Aug. 31, 2011) (citing *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009)). Plaintiff failed to allege that anyone was treated differently from him on the basis of race, age, or gender.

made when an authority with final decision-making power implements an official policy through an official proclamation, policy, or edict. *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir.1990). On the other hand, a custom is established when the practices of municipal officials are so well-settled as to virtually constitute law. *Id.* Here, Plaintiff does not articulate any specific official policy or custom of the Tax Claim Bureau that caused him to suffer a constitutional deprivation. Plaintiff's *Monell* claims will be dismissed.

Plaintiff also seeks "the determination of state law issues affecting comity and the Florida decree that has addressed the Pennsylvania property." (Doc. 35, at 17). As recommended by Magistrate Judge Mehalchick, to the extent that Hamilton makes any state law claims against Defendants, the Court will decline to exercise supplemental jurisdiction over these allegations as all of Plaintiff's claims arising under federal law have been dismissed. (Doc. 55, at 5). *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (District courts have the discretion "to decline the exercise of supplemental jurisdiction if 'the district court has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3) (internal alterations omitted)).

Finally, the Court agrees with Magistrate Judge Mehalchick's recommendation not to grant Plaintiff further leave to amend his complaint. (Doc. 55, at 5-6). Plaintiff has already received one opportunity to amend his complaint (Doc. 30), and a second opportunity to amend his complaint would be futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("[Third Circuit] precedent supports the

notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").

## IV. CONCLUSION

For the above stated reasons, Plaintiff's motion for reconsideration (Doc. 62) will be denied. Magistrate Judge Mehalchick's report and recommendation (Doc. 55) will be adopted as modified herein. Defendants' motion to dismiss (Doc. 46) will be granted and Plaintiff's Second Amended Complaint (Doc. 35) will be dismissed. The Court will decline to exercise supplemental over any outstanding state law claims. All remaining motions (Docs. 50, 51, 53, 54, 64, 65, 67) will be dismissed as moot. As there are no remaining claims, the Clerk of Court will be directed to close this case. An appropriate order follows.

Robert D. Mariani
United States District Judge