THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRY E. HAMILTON,                          :
                                            : CIVIL ACTION NO. 3:17-CV-1853
              Plaintiff,                    : (JUDGE MARIANI)
                                            :
        v.                                  :
                                            :
CENTRE COUNTY TAX CLAIM                     :
BUREAU, et al.,                             :
                                            :
              Defendants.                   :

## MEMORANDUM OPINION
### I. INTRODUCTION

On September 2, 2020, this Court entered a Memorandum and Order denying

Plaintiff's motion for reconsideration (Doc. 62) of the Order dated March 10, 2020, denying

pro se Plaintiff Harry E. Hamilton's second request for an extension of time to file additional

objections to Magistrate Judge Mehalchick's Report and Recommendation ("R&R") (Doc.

59), adopting the R&R as modified, granting Defendants' motion to dismiss (Doc. 46),

dismissing Plaintiff's Second Amended Complaint (Doc. 35), and closing the case.  (Docs.

70, 71.)  On October 6, 2020, Plaintiff filed the "Motion to Extend Time to Appeal and

Reopen 3:17 cv 1853 Under Federal Rule of Procedure 60(b)(6) or Notice of Appeal to

Third Circuit Court of Appeals" (Doc. 72).  On October 19, 2020, Plaintiff filed the "Amended

Motion to Extend Time to Appeal and Reopen 3:17 cv 1853 Under Federal Rule of

Procedure 60(B) or Notice of Appeal to Third Circuit" (Doc. 73).  On July 2, 2021, Plaintiff

filed a document titled "Temporary Injunctive Relief Removal, Reopening and Combining

Cases and Assistance with Serving Declaratory Relief and Permanent Injunction with Added

Defendant, Jury Demand, and Complaint for Damages" (Doc. 74).  Plaintiff filed a letter "To

Whom It May Concern and Article III Judge" on September 20, 2021, regarding the above-

captioned action, 3:21-CV-501, "or Case Against Police or New Case Given New/Different

Parties – As well as NFL Concussion Case."  (Doc. 76.)

## II. Discussion

The Court will first consider the appropriate disposition of Plaintiff's Rule 60(b)

requests set out in the motions filed in October 2020 (Docs. 72, 73).  Motions under Federal

Rule of Civil Procedure 60(b) must be made within one year of the entry of judgment for

certain enumerated grounds for relief or, otherwise, "within a reasonable time."  Fed. R. Civ.

P. 60(c)(1).  A movant seeking relief under Rule 60(b) must "show 'extraordinary

circumstances' justifying the reopening of a final judgment."  *Gonzalez v. Crosby*, 545 U.S.

524, 535 (2005) (*quoting Ackermann v. United* States, 340 U.S.  193, 199 (1950)).

Calculated from October 6, 2020, Plaintiff's Rule 60(b) request was first filed thirty-

four (34) days after the Court closed this case on September 2, 2020.  Therefore,

considered under Rule 60(b), Plaintiff's request was timely filed.  After reviewing Plaintiff's

October 6th Motion (Doc. 72) and October 19th Motion (Doc. 73), the Court first notes that

the October 19th Motion incorporates the October 6th Motion (Doc. 72) by reference.  (Doc.

73 ¶ 1.)  This is not allowed pursuant to Local Rule 7.8(a) of the Local Rules of Court of the

2

Middle District of Pennsylvania.  However, because Plaintiff is proceeding pro se, the Court will consider the October 19th filing to be a supplement to Plaintiff's earlier filing.

With the October 2020 filings, Plaintiff seeks relief pursuant to Rule 60(b)(6) which allows for relief from a final judgment "for any other reason that justifies relief," i.e., a reason not specifically identified in Rule 60(b)(1)-(5).  Here Plaintiff seeks to have his filings "serve as an amended complaint as the denial of due process continues with additions and jury demand."  (Doc. 72 at 1-2; Doc. at 1-2.)  Plaintiff's due process claim raised in his Second Amended Declaratory Relief and Permanent Injunction with Added Defendant, Jury Demand, and Complaint for Damages ("Second Amended Complaint") (Doc. 35 (incorporating Doc. 1 by reference (*see* Doc. 35 ¶ 24)) was addressed in the Court's Memorandum Opinion of September 2, 2020, and the Court determined that it was properly dismissed.  (Doc. 70 at 8-10.)  Plaintiff's new claims for which he seeks relief can be brought in a new civil action, but the alleged existence of additional grounds for relief does not present an extraordinary circumstance which would justify reopening this case and allowing amendment of the pleadings.  See *Gonzalez*, 545 U.S. at 535.  Therefore, the Court will deny Plaintiff's October 19th Motion (Doc. 73) insofar as Plaintiff seeks relief under Rule 60(b).

The Court will now turn to Plaintiff's alternate request to extend the time to file an appeal to the Court of Appeals for the Third Circuit.  Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, the time for filing a notice of appeal with the district

court is within 30 days of the entry of judgment.  Rule 4(a)(4) addresses the effect of a motion on a notice of appeal.  It provides that if a party files a motion for relief under Rule 60 "no later than 28 days after the judgment is entered" the time to file an appeal runs for all parties from the entry of the order disposing of the motion."  Fed. R. App. P. 4(a)(4)(A)(vi). Pursuant to Rule 4(a)(5)(A), the District Court may extend the time to file a notice of appeal "if a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and the party seeking the extension "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i), (ii).

Here Plaintiff's Rule 60(b) motion does not extend the time to file a notice of appeal because the motion was not filed within 28 days after judgment was entered.  Fed. R. App. P. 4(a)(4)(A)((vi).  However, Plaintiff filed his request to extend the time to file a notice of appeal within 30 days after the time for filing set out in Rule 4(a)(1)(A).  Therefore, pursuant to Rule 4(a)(5)(A), this Court may extend the time to file a notice of appeal if Plaintiff shows excusable neglect or good cause for the late filing of his request to extend the time set out in Rule 4(a)(1)(A).  Plaintiff provides no basis to conclude that the late filing was due to excusable neglect or good cause.  (*See* Docs. 72, 73.)  Therefore, Plaintiff's request to extend the time to file a notice of appeal will be denied.

Though not docketed as a motion, the Court will construe Plaintiff's July 2, 2021, filing titled "Temporary Injunctive Relief Removal, Reopening and Combining Cases and Assistance with Serving Declaratory Relief and Permanent Injunction with Added

4

Defendant, Jury Demand, and Complaint for Damages" (Doc. 74) as such.  The Court will deny Plaintiff's requests contained in the document because Plaintiff presents no extraordinary circumstances which would warrant reopening the case.  Further, as with his October 2020 filings (Docs. 72, 73), Plaintiff's document appears to complain of matters not raised in his Complaint and seeks relief different from that sought in his Second Amended Complaint.  (*Compare* Docs. 1 and 35 *with* Doc. 74.)  Therefore, Plaintiff's current claims are properly raised in a separate action filed in the appropriate court.

Finally, to the extent Plaintiff's September 20, 2021, letter indicates that he "seek[s] a temporary injunction" (Doc. 76 at 2, 3), the Court will deny the request as improperly raised in this closed case.

### III. CONCLUSION

For the reasons set out above, the "Motion to Extend Time to Appeal and Reopen 3:17 cv 1853 Under Federal Rule of Procedure 60(b)(6) or Notice of Appeal to Third Circuit Court of Appeals" (Doc. 72) will be denied; the "Amended Motion to Extend Time to Appeal and Reopen 3:17 cv 1853 Under Federal Rule of Procedure 60(B) or Notice of Appeal to Third Circuit" (Doc. 73) will be denied; the "Temporary Injunctive Relief Removal, Reopening and Combining Cases and Assistance with Serving Declaratory Relief and Permanent Injunction with Added Defendant, Jury Demand, and Complaint for Damages" (Doc. 74) will be denied; and Plaintiff's request for a temporary injunction (Doc. 76) will be

denied.  A separate Order will be filed with this Memorandum Opinion.

Robert D. Mariani
United States District Judge